ROBERT TRAFTON, Plaintiff

v.

BRET GILLIAM, Defendant

Small Claims No. 776A-75

SALTY DOGS, INC., Plaintiff

v.

BRET GILLIAM, Defendant

Small Claims No. 777A-75

DAVID KENDALL, Plaintiff

v.

BRET V. GILLIAM, Defendant

Small Claims No. 785A-75

DANIEL SWETT, Plaintiff

v.

BRET GILLIAM, Defendant

Small Claims No. 790A-75

Municipal Court of the Virgin Islands

Div. of St. Croix
Christiansted Jurisdiction

December 19, 1975

HOFFMAN, *Judge*

OPINION

These cases came on for a hearing on December 4, 1975. From the outset of the plaintiffs' evidence it appeared to the Court that there was a serious question whether defendant could be held liable for any amounts in light of the "Agreement" and "Assignment" set forth in pages one and two of Plaintiffs' Exhibit Three. The "Agreement" set forth on page one is an agreement by defendant to sell all of his interest in the vessel Argo II to plaintiff Trafton and one Robert Leardo. Defendant further agreed to turn over to these same two persons his shares in the corporation, Salty Dogs. Trafton and Leardo

were to pay defendant the sum of $8,000.00. Both the "Agreement" and the "Assignment" of the corporate shares (page two of Plaintiff's Exhibit Three) contain a provision whereby Trafton and Leardo agree to indemnify defendant "from all future and accrued liability. . . ." This indemnification appears to apply both to the Argo II and the corporation, Salty Dogs, Inc., and I so find and hold.

In light of these indemnification clauses, the Court limited the testimony at the December 4, 1975 hearing only to the question of defendant's liability, reserving the question of the computation of any debt, if necessary to a later date. Additionally, defendant made what was in effect a motion for summary judgment at the end of plaintiff's cases, reserving his right to present a defense if the Court should find that plaintiff's had met their separate burdens in proving defendant's liability.

Case Nos. 776A, 785A and 790A are premised on defendant's liability as a co-owner of and joint-venturer in the Argo II. Case No. 776A is a claim by Mr. Trafton (defendant's joint-venturer prior to August 3, 1975) for $500 plus costs, representing a boat charter of the Argo II for the period between August 12 and August 18, 1975. While the Court would be hesitant to rule that the "Agreement" dated August 3, 1975 which purports to release defendant for "all future and accrued liability" in the Argo II actually releases defendant of all liability for all time in the future, we have no doubts about the effectiveness of the release during the period in question. The "Closing Statement" (page three of Exhibit Three) is dated August 29, 1975 and it is clear that the sale of defendant's interest in the Argo II and Salty Dogs, Inc. was not consummated until that date. Accordingly I find that the release was effective for the period in question and accordingly Case No. 776A will be dismissed.

■■ Similarly, Case Nos. 785A and 790A must also be dismissed. These are suits for wages due for services performed aboard the Argo II. I find the release of defendant by Leardo and Trafton to be controlling here also and will dismiss these cases without prejudice to their being pursued against the proper parties, Messrs. Leardo and Trafton.

■ Case No. 777A must be dismissed also for different but similar reasons. This is a suit by the corporation Salty Dogs, Inc., for contributions pursuant to the "Agreement Among Stockholders" dated March 3, 1975. Again I must find that the indemnification clause of the "Assignment" dated August 29, 1975 releases defendant from liability to Salty Dogs, Inc.

Let Judgment enter accordingly.